IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBBIE LEE MOUZON, | * | |
| | * | |
| Petitioner, | * | |
| | * | CV 119-130 |
| v. | * | (Formerly CR 116-048) |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

**O R D E R**

Before the Court is *pro se* Petitioner's motion for reconsideration of the Court's December 2, 2020 Order. (Doc. 42.) The facts of this case are presented in the Magistrate Judge's September 28, 2020 Report and Recommendation. (Doc. 34.) Petitioner filed multiple objections to the Report and Recommendation. (See Docs. 38, 39.) The Court overruled Petitioner's objections and adopted the Magistrate Judge's Report and Recommendation in its December 2, 2020 Order. (Doc. 40.) On January 4, 2021, Petitioner filed the present motion for reconsideration. (Doc. 42.) On February 19, 2021, Petitioner filed a notice of appeal. (Doc. 43.) For the following reasons, Petitioner's motion for reconsideration is **DENIED**.

## DISCUSSION

Petitioner does not specify under what rule he is bringing the present motion. However, Petitioner filed his motion for reconsideration more than twenty-eight days after the Court's Order; therefore, the Court will analyze the motion under Federal Rule of Civil Procedure 60(b). See Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003).

Petitioner has recently filed a notice of appeal. (Doc. 43.) While a notice of appeal generally deprives a district court of jurisdiction over the issues in the appeal, a district court may act "in furtherance of the appeal." Mahone, 326 F.3d at 1179. Considering and denying a Rule 60(b) motion falls within that purview. See id. at 1180. "However, following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion[;]" they may either deny the motion or "indicate [their] belief that the arguments raised are meritorious." Id. Therefore, the Court will now consider the merits of Petitioner's motion.

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from

2

the operation of the judgment." Marsh v. Dep't of Children & Families, 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). Further, "[m]otions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Petitioner argues the Court did not address his ineffective assistance of counsel claim and thus "committed a [Clisby v. Jones] violation." (Doc. 42, at 1.) The Eleventh Circuit held in Clisby that a district court must "resolve all claims for relief raised in a petition for writ of habeas . . . regardless whether . . . relief is granted or denied." 960 F.2d 925, 936 (11th Cir. 1992). Contrary to Petitioner's contention, the Magistrate Judge thoroughly discussed Petitioner's ineffective assistance of counsel claim in the Report and Recommendation. (See Doc. 34.) Accordingly, there was no Clisby violation.

Moreover, Petitioner asks the Court to reconsider his objections without explaining the justification for reconsideration. (Docs. 38, 39.) The Court considered Petitioner's objections in its December 20, 2020 Order and determined no objection undermined the thorough and reasoned analysis in the Report and Recommendation. (Doc. 40.) The Court is not required to repeat the analysis outlined in the Report and Recommendation. See 28 U.S.C. § 636 (b)(1)(C) ("A judge of the

3

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.") Thus, the Court finds no basis to reconsider its prior decision.

For the foregoing reasons, Petitioner's motion for reconsideration is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this \_1ST\_ day of March, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA